UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JARED RUDOLPH BARNETT,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____/

Case No. 1:23-cv-760

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. The action was filed in the name of Plaintiff Jared Rudolph Barnett, a state prisoner, but the complaint was signed by Plaintiff's mother, Connie Brousseau, who purports to have a power of attorney for Plaintiff. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.4.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). Further, pursuant to 28 U.S.C. § 1915(e)(2), when, as is the case here, a plaintiff is proceeding *in forma pauperis*, the Court is also required to dismiss the case at any time, including prior of the service of the complaint, if the complaint is frivolous, malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA and 28 U.S.C. § 1915(e)(2), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the

2

named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

For the reasons set forth below, Ms. Brousseau has no standing to raise claims on behalf of Plaintiff and has no authority to sign a complaint or pursue claims on his behalf without the assistance of an attorney. Accordingly, the Court will dismiss Plaintiff's complaint without prejudice to Plaintiff's right to assert his claims, either *pro se* or through a licensed attorney, by filing a civil rights suit in the proper venue.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. It is unclear where the events alleged occurred, but it appears that they occurred at JCF. The MDOC is named as the sole Defendant.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

According to the complaint, Plaintiff had surgery "at the prison" and was subsequently "rushed to [the] hospital to stop the bleeding of a lipoma removal surgery." (ECF No. 1, PageID.3.) Plaintiff was sent to the Henry Ford Hospital. (*Id.*) Plaintiff apparently has "no feeling in his arm," and was "also denied medicine for his post op pain." (*Id.*) Ms. Brousseau also states that Plaintiff has had visit and phone privileges "taken away permanently," and that the prison will not allow Plaintiff to "sign for his own medical records." (*Id.*) She also mentions that Plaintiff "is stuck inside his cell 24 hours a day." (*Id.*) Based on the foregoing, Ms. Brousseau states that Plaintiff would like to sue the MDOC "for medical negligence and violation of civil rights." (*Id.*, PageID.4.)

## II.     Standing and Power of Attorney

As noted above, the complaint was signed by Ms. Brousseau on Plaintiff's behalf pursuant to a power of attorney. Even assuming that Ms. Brousseau holds a valid power of attorney that allows her to institute a lawsuit on behalf of Plaintiff as his agent, she does not have the authority to practice law by representing Plaintiff in this lawsuit without a licensed attorney. A party in federal court must proceed either through a licensed attorney or on his or her own behalf. 28 U.S.C. § 1654; *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party"). A power of attorney does not authorize a non-lawyer to prosecute a case in federal court on behalf of another person. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (affirming the dismissal of the complaint with prejudice that was filed pursuant to a general power of attorney); *J.M. Huber Corp. v. Roberts*, No. 88-6160, 1989 WL 16866, at *1 (6th Cir. Feb. 17, 1989) (notice of appeal signed by a nonlawyer pursuant to a power of attorney ineffective to give rise to appellate jurisdiction); *Walsh v. Internal Revenue Serv.*, No. 1:08-cv-1132 (W.D. Mich. Oct. 12, 2009), *report and recommendation adopted by* 2009 WL 4261212 (W.D. Mich. Nov. 24, 2009); *Kapp v. Booker*,

4

No. Civ. A. 05-402-JMH, 2006 WL 385306, at *3 (E.D. Ky. Feb.16, 2006). Thus, Ms. Brousseau cannot present claims in this Court on Plaintiff's behalf. Furthermore, she lacks standing to present Plaintiff's claims on his behalf. *See Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). The complaint, therefore, will be dismissed without prejudice to Plaintiff's right to assert his claims, either *pro se* or through a licensed attorney, by filing a civil rights suit in the proper venue.[2]

## **Conclusion**

For the reasons set forth above, the Court determines that Plaintiff's complaint will be dismissed without prejudice to Plaintiff's right to assert his claims, either *pro se* or through a licensed attorney, by filing a civil rights suit in the proper venue.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that dismissal of the complaint without prejudice is proper, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.

---

[2] To the extent Plaintiff seeks to assert claims concerning events that have occurred at JCF, the Court notes that venue for such claims is proper only in the Eastern District of Michigan because Jackson County is within the geographical boundaries of that district. *See* 28 U.S.C. § 102(a). Moreover, the MDOC itself is absolutely immune from a Section 1983 suit under the Eleventh Amendment. *See, e.g., Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Furthermore, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under Section 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771.

*Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

    A judgment consistent with this opinion will be entered.

Dated:   August 3, 2023                /s/ Sally J. Berens
                                                            SALLY J. BERENS
                                                            United States Magistrate Judge